STATE OF NEBRASKA, NEBRASKA EQUAL OPPORTUNITY
COMMISSION, ON BEHALF OF RAYMOND SERRANO ET AL.,
APPELLANT, V. LANNY BELLAMY, APPELLEE.

652 N.W.2d 86

Filed October 18, 2002.   No. S-01-727.

Don Stenberg, Attorney General, and Delores N. Coe-Barbee for appellant.

Melodie Turner Bellamy for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

### NATURE OF CASE

The Nebraska Equal Opportunity Commission appeals from a decision of the district court for Dawson County awarding attorney fees to Lanny Bellamy. The district court determined that Bellamy was a "prevailing party" under Neb. Rev. Stat. § 20-341

(Reissue 1997) when the commission dismissed, without prejudice, the petition filed against him.

## BACKGROUND

On September 12, 2000, the commission instituted a civil action against Bellamy under Neb. Rev. Stat. § 20-340 (Reissue 1997) alleging a violation of the Nebraska Fair Housing Act, Neb. Rev. Stat. § 20-301 et seq. (Reissue 1997 & Cum. Supp. 2000). In his answer, Bellamy requested attorney fees.

On March 19, 2001, the case was dismissed without prejudice on the motion of the commission. Bellamy later filed a motion for attorney fees pursuant to § 20-341 or, in the alternative, under Neb. Rev. Stat. § 25-824 (Reissue 1995) as a defendant to a frivolous suit.

On May 23, 2001, the district court found that Bellamy was a "prevailing party" within the meaning of § 20-341 and awarded Bellamy $3,525 in attorney fees. The district court declined to award attorney fees under § 25-824 because there was insufficient evidence to show that the lawsuit was frivolous or brought in bad faith by the commission.

On May 31, 2001, the commission filed a motion entitled "Motion for Reconsideration." The motion reads in full as follows:

> Comes now the plaintiff, in the above captioned case and requests that the Court reconsider its decision in the above captioned case, due to the attached case, noted as ·Exhibit A, whose decision was rendered on May 29, 200[1] by the Supreme Court of the United States as to the definition of a prevailing party.

Exhibit A is the U.S. Supreme Court's ruling in *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001), which was decided on May 29, 2001.

On June 22, 2001, with its motion for reconsideration still pending, the commission filed its notice of appeal in district court, appealing the May 23, 2001, order awarding attorney fees. In a July 13, 2001, journal entry, the district court found that it had no jurisdiction to decide the commission's motion for reconsideration because of the commission's appeal. We moved

the case to our own docket pursuant to our authority to regulate the caseloads of this court and the Nebraska Court of Appeals.

## ASSIGNMENT OF ERROR

The sole assignment of error raised by the commission is that the district court erred in finding that Bellamy was a prevailing party entitled to attorney fees under § 20-341.

## STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Lopez v. IBP, inc., ante* p. 273, 646 N.W.2d 628 (2002).

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Trainum v. Sutherland Assocs.*, 263 Neb. 778, 642 N.W.2d 816 (2002). Notwithstanding whether the parties raise the issue of jurisdiction, an appellate court has a duty to raise and determine the issue of jurisdiction sua sponte. *Id.*

In order to vest an appellate court with jurisdiction, a notice of appeal must be filed within 30 days of the entry of the final order or the overruling of a motion for new trial. *Breeden v. Nebraska Methodist Hosp.*, 257 Neb. 371, 598 N.W.2d 441 (1999); Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 2000). The running of the time for filing a notice of appeal may be terminated by the filing of certain motions, including a motion for new trial under Neb. Rev. Stat. § 25-1144.01 (Cum. Supp. 2000), a motion to alter or amend a judgment under Neb. Rev. Stat. § 25-1329 (Cum. Supp. 2000), or a motion to set aside a verdict or judgment under Neb. Rev. Stat. § 25-1315.02 (Cum. Supp. 2000). See § 25-1912(3). When a motion terminating the 30-day appeal period is filed, a notice of appeal filed before the court announces its decision upon the terminating motion has no effect and an appellate court acquires no jurisdiction. See, *Reutzel v. Reutzel*, 252 Neb. 354, 562 N.W.2d 351 (1997); § 25-1912(3).

In this case, the district court entered an order awarding attorney fees to Bellamy on May 23, 2001. The commission filed its notice of appeal 30 days later, on June 22. However, the effect of the notice of appeal is now in question because of the

commission's "Motion for Reconsideration," filed on May 31 and still pending at the time the commission filed its notice of appeal. Nebraska statutes do not recognize motions for reconsideration, and this court has recognized the confusion created by the labeling of pleadings as motions for reconsideration. *Breeden, supra*. Once again, we are required to decipher a motion for reconsideration and determine its effect on the running of the appeal period. If the commission's motion for reconsideration is of the type which terminates the 30-day appeal period, then the commission's notice of appeal was ineffective and this court has no jurisdiction over the commission's purported appeal. If not, the commission's appeal is properly before us for consideration.

We have previously held that a motion for reconsideration does not act as a motion for new trial so as to terminate the appeal period. See, *Kinsey v. Colfer, Lyons*, 258 Neb. 832, 606 N.W.2d 78 (2000); *Breeden, supra*; *Bechtold v. Gomez*, 254 Neb. 282, 576 N.W.2d 185 (1998). However, in 2000, § 25-1912(3) was amended to provide that the running of the time for filing a notice of appeal shall be terminated not only by a timely motion for new trial or by a timely motion to set aside a verdict or judgment, but also by "a timely motion to alter or amend a judgment under section 25-1329." 2000 Neb. Laws, L.B. 921. Thus, we now consider whether to treat the commission's motion for reconsideration as a motion to alter or amend a judgment.

Federal courts have adopted a bright-line rule and hold that a motion for reconsideration, if filed within 10 days of the entry of judgment, is the functional equivalent of a motion to alter or amend a judgment brought pursuant to Fed. R. Civ. P. 59(e). *Cockrel v. Shelby County School Dist.*, 270 F.3d 1036 (6th Cir. 2001); *American Ironworks v. North American Const.*, 248 F.3d 892 (9th Cir. 2001); *COMSAT Corp. v. St. Paul Fire and Marine Ins. Co.*, 246 F.3d 1101 (8th Cir. 2001); *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179 (10th Cir. 2000); *Amatangelo v. Borough of Donora*, 212 F.3d 776 (3d Cir. 2000); *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336 (5th Cir. 1997); *Aybar v. Crispin-Reyes*, 118 F.3d 10 (1st Cir. 1997); *Square D Co. v. Fastrak Softworks, Inc.*, 107 F.3d 448 (7th Cir. 1997); *Ass'n for Retarded Citizens v. Thorne*, 68 F.3d

547 (2d Cir. 1995); *In re Burnley*, 988 F.2d 1 (4th Cir. 1992); *Wright v. Preferred Research, Inc.*, 891 F.2d 886 (11th Cir. 1990); *Nichols v. Asbestos Workers Local 24 Pension Plan*, 835 F.2d 881 (D.C. Cir. 1987); *Tylo Sauna, S.A. v. Amerec Corp.*, 826 F.2d 7 (Fed. Cir. 1987). Several state courts likewise construe motions for reconsideration as motions to alter or amend a judgment. *Malone v. Gainey*, 726 So. 2d 725 (Ala. Civ. App. 1999); *Soderlund v. Admin. Director of Courts*, 96 Haw. 114, 26 P.3d 1214 (2001); *In re Adoption of A.P.*, 26 Kan. App. 2d 210, 982 P.2d 985 (1999); *Smith v. Johnson*, 125 N.C. App. 603, 481 S.E.2d 415 (1997); *Woodworth v. Chillemi*, 590 N.W.2d 446 (N.D. 1999); *Wentworth v. Fletcher Allen Health Care*, 171 Vt. 614, 765 A.2d 456 (2000); *Law v. Monongahela Power Co.*, 210 W. Va. 549, 558 S.E.2d 349 (2001).

However, courts have not blindly treated all motions entitled "Motion for Reconsideration" as a motion to alter or amend a judgment. A determination as to whether a motion, however titled, should be deemed a motion to alter or amend a judgment depends upon the contents of the motion, not its title. See *Sherman v. Rose*, 943 P.2d 719 (Wyo. 1997). See, also, *Kerr v. Clary*, 37 P.3d 841 (Okla. 2001); *Tennessee Farmers Mut. Ins. Co. v. Farmer*, 970 S.W.2d 453 (Tenn. 1998). To provide guidance to the lower courts and practicing bar, we hold that in order to qualify for treatment as a motion to alter or amend a judgment, a motion must be filed no later than 10 days after the entry of judgment, as required under § 25-1329, and must seek substantive alteration of the judgment. See *U.S. v. Deutsch*, 981 F.2d 299 (7th Cir. 1992). A motion which merely seeks to correct clerical errors or one seeking relief that is wholly collateral to the judgment is not a motion to alter or amend a judgment, and the time for filing a notice of appeal runs from the date of the judgment. *Id*.

Applying these rules to the present case leads us to construe the commission's motion for reconsideration as a motion to alter or amend a judgment under § 25-1329. The commission's motion asked the district court to reconsider its decision in light of the U.S. Supreme Court's opinion in *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855

(2001). The commission claims that under *Buckhannon Board & Care Home, Inc.*, which was decided 6 days after the district court granted Bellamy's motion for attorney fees, Bellamy is not a "prevailing party" entitled to attorney fees, as the Court interpreted that term under various sections of federal law. The commission's motion seeks substantive alteration of the judgment and was filed within 10 days of the entry of the order awarding attorney fees to Bellamy. Thus, the commission's motion for reconsideration is a motion to alter or amend a judgment under § 25-1329, which terminated the appeal period under § 25-1912(3). As a result, the commission's notice of appeal was prematurely filed and this court does not have jurisdiction over the commission's purported appeal.

## CONCLUSION

A motion seeking substantive alteration of a judgment and filed within 10 days of the entry of judgment is the functional equivalent of a motion to alter or amend a judgment under § 25-1329. A motion to alter or amend a judgment terminates the appeal period, and a notice of appeal filed before disposition of the terminating motion is ineffective and does not convey jurisdiction upon an appellate court. Thus, this court does not have jurisdiction over the commission's appeal when the commission filed its notice of appeal while its motion for reconsideration was still pending.

APPEAL DISMISSED.