DENISE DEBOSE AND JAMES MCCULLOUGH, APPELLANTS,
v. STATE OF NEBRASKA, APPELLEE.
672 N.W.2d 426

Filed December 19, 2003.   No. S-01-1188.

Thom K. Cope for appellants.

Don Stenberg, Attorney General, Vicki L. Boone-Lawson, and, on brief, Melanie J. Whittamore-Mantzios for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MCCORMACK, J.

## NATURE OF CASE

Denise DeBose and James McCullough (collectively the appellants) filed this employment discrimination action against the State of Nebraska. The district court for Lancaster County determined that the action was not filed within the applicable statute of limitations and dismissed the action. On appeal, the Nebraska Court of Appeals determined that the appellants did not file a timely appeal and dismissed the appeal for lack of jurisdiction. We granted the appellants' petition for further review. We conclude that the appellants timely appealed from the district court's order and remand the cause for further proceedings.

## BACKGROUND

The appellants filed this action against the State on January 28, 1999. Their amended petition alleged that they were each employed as investigators with the Nebraska Equal Opportunity Commission and were each diagnosed with depression. For their first cause of action, the appellants alleged that they were each terminated from their employment on the basis of their depression—DeBose on March 16, 1995, and McCullough on May 30, 1995. For their second cause of action, they alleged that on March 14, 1995, they were each refused reasonable accommodation for their depression. The appellants alleged that their causes of action arose under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. (2000); the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. § 48-1101 et seq. (Reissue 1998); § 504 of the Rehabilitation Act of 1973, codified at 29 U.S.C. § 794 (1994); and the public policy of Nebraska.

The State demurred to the petition, arguing that the court lacked jurisdiction. On September 13, 2001, the district court sustained the demurrer and dismissed the appellants' amended petition. The court, citing *Adkins v. Burlington Northern Santa Fe RR. Co.*, 260 Neb. 156, 615 N.W.2d 469 (2000), found that § 48-1118(2) provided the applicable statute of limitations and

that the appellants failed to file their petition within that 300-day statute of limitations.

On September 17, 2001, the appellants filed a "Plaintiff[s'] Motion for New Trial and Reconsideration." It stated in full:

> COME NOW the Plaintiffs, and request the Court to review its decision to dismiss the Plaintiffs' entire Amended Petition. For good cause, Plaintiffs state that the first cause of action is brought under § 504 of the Rehabilitation Act. The Defendants have stated their only objection to that claim is that the Plaintiffs didn't allege that the State receives federal funds. This can be easily remedied by amendment, because those are indeed the facts. Moreover, the 300 day filing time limits do not apply to the public policy of this State.

On October 12, 2001, the district court overruled the appellants' motion. The appellants filed a notice of appeal and deposited the statutory docket fee on October 26.

In an unpublished opinion, the Court of Appeals dismissed the appeal for lack of jurisdiction. *DeBose v. State*, No. A-01-1188, 2003 WL 21057283 (Neb. App. May 13, 2003) (not designated for permanent publication). The Court of Appeals found that the appellants' motion, which asked the district court only to review its decision to dismiss, was a motion for reconsideration that did not terminate the 30-day appeal period. Thus, the Court of Appeals determined that the appellants failed to file a timely appeal under Neb. Rev. Stat. § 25-1912(3) (Cum. Supp. 2002).

## ASSIGNMENTS OF ERROR

In their petition for further review, the appellants contend that the Court of Appeals erred in finding that their appeal was untimely filed.

## STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Olson v. Palagi*, 266 Neb. 377, 665 N.W.2d 582 (2003).

## ANALYSIS

We granted the appellants' petition for further review to determine if the Court of Appeals erred in dismissing the appeal for lack of jurisdiction. In order to vest an appellate court with jurisdiction, a notice of appeal must be filed within 30 days of the entry of the final order or the overruling of a motion for new trial. *State v. Bellamy*, 264 Neb. 784, 652 N.W.2d 86 (2002); § 25-1912(1). The appellants' notice of appeal was filed within 30 days of the court's denial of the appellants' motion for new trial and reconsideration. However, the Court of Appeals determined that the appellants' motion did not terminate the 30-day appeal period, because it was a motion for reconsideration and did not extend the time to perfect an appeal. Thus, the court concluded that it was without jurisdiction because the appellants' notice of appeal was filed more than 30 days after the district court sustained the State's demurrer and dismissed the appellants' petition.

Whether appellate jurisdiction has been properly vested depends on whether the appellants' motion terminated the appeal period. Nebraska law provides that the running of the time for filing a notice of appeal may be terminated by the filing of certain motions, including a motion for new trial under Neb. Rev. Stat. § 25-1144.01 (Cum. Supp. 2002), a motion to alter or amend a judgment under Neb. Rev. Stat. § 25-1329 (Cum. Supp. 2002), or a motion to set aside a verdict or judgment under Neb. Rev. Stat. § 25-1315.02 (Cum. Supp. 2002). *State v. Bellamy, supra*; § 25-1912(3). A motion for reconsideration, however, does not act as a motion for new trial so as to terminate the appeal period. *State v. Bellamy, supra.* Distilled to its essence, this case presents the following question: What type of motion did the appellants file?

In *State v. Bellamy*, we considered whether a motion for reconsideration acted as a motion to alter or amend a judgment. We held that whether a motion, however titled, should be deemed a motion to alter or amend a judgment depends upon the contents of the motion, not its title. *Id.* To qualify for treatment as a motion to alter or amend a judgment, a motion must be filed no later than 10 days after the entry of judgment, as required under § 25-1329, and must seek substantive alteration of the judgment. *Id.* A motion which merely seeks to correct clerical

errors or one seeking relief that is wholly collateral to the judgment is not a motion to alter or amend a judgment. *Id.*

The appellants' motion seeks a "review" of the district court's decision to dismiss the appellants' petition. In support of obtaining that "review," the appellants asserted that a deficiency in their petition could be fixed if they were allowed to amend it. Specifically, the appellants' motion asserts that the portion of their action brought under § 504 of the Rehabilitation Act should survive the State's demurrer upon amendment of the petition. Thus, in effect, the appellants' motion requests reinstatement of their action, at least in part. We conclude that this request seeks substantive alteration of the district court's judgment. Thus, the appellants' motion is properly characterized as a motion to alter or amend a judgment, which terminated the appeal period. Because the appellants filed their notice of appeal within 30 days of the denial of their motion to alter or amend a judgment, the Court of Appeals had jurisdiction over their appeal.

## CONCLUSION

We conclude that the Court of Appeals erred in dismissing the appeal for lack of jurisdiction. Following the dismissal of their petition by the district court, the appellants terminated the 30-day appeal period by a motion to alter or amend a judgment under § 25-1329. The appellants timely appealed after that motion was denied.

■ We recognize that upon granting further review which results in the reversal of a decision of the Court of Appeals, this court may consider, as it deems appropriate, some or all of the assignments of error the Court of Appeals did not reach. *In re Interest of DeWayne G. & Devon G.*, 263 Neb. 43, 638 N.W.2d 510 (2002). However, in this case, the Court of Appeals did not reach any of the appellants' assignments of error. We conclude that under these circumstances, it is appropriate for the Court of Appeals to consider the appellants' arguments in the first instance, and we do not reach their assignments of error. Instead, we reverse the judgment of the Court of Appeals, and remand the cause to the Court of Appeals for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.