STATE OF NEBRASKA, APPELLEE,
V. LINH BAO, APPELLANT.

690 N.W.2d 618

Filed January 14, 2005.   No. S-03-1333.

Linh Bao, pro se.

Jon Bruning, Attorney General, and James D. Smith for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Linh Bao was convicted in the district court for Lancaster County of first degree murder and use of a weapon to commit a felony. Bao's convictions and sentences were affirmed on appeal to this court. *State v. Bao*, 263 Neb. 439, 640 N.W.2d 405 (2002). On July 16, 2003, the district court denied Bao's motion for postconviction relief in which he claimed ineffective assistance of trial counsel. Bao appeals the denial of postconviction relief. We affirm.

## STATEMENT OF FACTS

The facts of the underlying case were described in our decision in Bao's direct appeal. See *id.* A jury found Bao guilty of first degree murder and use of a weapon to commit a felony. On February 6, 2001, Bao was sentenced to life imprisonment on the murder conviction and a consecutive sentence of 2 to 6 years' imprisonment on the weapon conviction. Bao's convictions were affirmed on appeal. Bao was represented by public defenders at trial and on direct appeal.

Bao filed a pro se motion for postconviction relief on June 5, 2002. Counsel other than those representing Bao at trial and on appeal was subsequently appointed and filed an amended motion in which it was alleged that trial counsel was ineffective for (1) failing to have Bao evaluated by a qualified mental health professional and failing to pursue a defense based on mental health, (2) relying solely on a defense that Bao was justified in using deadly force, and (3) failing to defend on the theory that Bao was guilty of sudden quarrel manslaughter rather than first degree murder. In subsequent briefing, Bao also asserted that the performance of one of his trial attorneys was affected by the attorney's problem with alcohol. Bao requested an evidentiary hearing for the purpose of obtaining an order vacating and setting aside his convictions and sentences.

Following an evidentiary hearing, the court on July 16, 2003, overruled Bao's motion and denied the requested relief. The court concluded that as to each claim, Bao failed to show either deficient performance or prejudice which could support a finding of ineffective assistance of counsel. In so concluding, the court determined that (1) the testimony of a mental health expert presented by Bao in the postconviction hearing showed "only that Bao was more prone to violent behavior, not that he did not know what he was doing at the time of the act itself" and that therefore, Bao did not establish prejudice from trial counsel's purported failure to pursue such testimony and a defense based on mental health; (2) although it was "not at all clear that the only defense raised by Bao [at trial] was that the shooting was justified," even if the only defense was justifiable shooting, Bao did not establish that trial counsel's performance was deficient for making the reasonable strategic decision to rely on a theory of self-defense; (3)

the trial record contradicted Bao's postconviction assertion that trial counsel failed to suggest or argue that the jury could find Bao guilty of sudden quarrel manslaughter rather than first degree murder; and (4) Bao failed to establish that the alcohol problem of one of his attorneys manifested itself at trial or prejudiced his defense in any way.

On July 25, 2003, Bao filed a pro se motion for reconsideration of the order denying postconviction relief. Bao asserted that the court erred in various determinations, and he asserted that postconviction counsel was ineffective for failing to pursue certain claims that he had raised in his original pro se motion. Such claims related to trial counsel's purported failure to secure jury instructions relative to Bao's intoxication on the night the crimes were committed. Prior to a ruling on the motion for reconsideration, Bao filed a notice of appeal. This court, without opinion, dismissed the appeal for lack of jurisdiction on September 10.

On October 16, 2003, the motion for reconsideration was withdrawn by postconviction counsel, and the court entered an order dismissing the motion. On the same day, the court denied Bao's request for substitute counsel. On October 21, Bao filed a pro se request to reinstate the motion for reconsideration, asserting that court-appointed counsel had withdrawn the motion without Bao's permission. The next day, the court denied the request to reinstate. On November 14, Bao filed a notice of appeal in which he stated that he was appealing the July 16 order overruling his motion for postconviction relief and the October 16 order dismissing his motion for reconsideration. The State moved to dismiss the appeal as untimely. We denied the motion without prejudice.

## ASSIGNMENTS OF ERROR

Bao makes several assignments of error which he argues in three general categories. In summary, Bao first asserts that the district court erred in failing to grant postconviction relief and failing to find that Bao had received ineffective assistance of counsel. Second, Bao asserts that the court erred in failing to consider claims relating to jury instructions that he had made in his original pro se motion but were abandoned by postconviction counsel. Bao claims that the court should have reinstated and granted his motion for reconsideration in which he urged the

court to consider the jury instruction claims and that counsel provided ineffective assistance by failing to pursue such claims. Finally, Bao claims that the court abused its discretion by failing to appoint substitute postconviction counsel, by failing to appoint an interpreter, and by failing to allow an "inmate legal aide" to assist him at a hearing on the motion for reconsideration.

## STANDARDS OF REVIEW

■ A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Krajicek v. Gale*, 267 Neb. 623, 677 N.W.2d 488 (2004).

■ A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. McHenry*, 268 Neb. 219, 682 N.W.2d 212 (2004).

■ Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision. *State v. Davlin*, 265 Neb. 386, 658 N.W.2d 1 (2003).

## ANALYSIS

*Jurisdiction.*

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues presented by a case. *State v. Harris*, 267 Neb. 771, 677 N.W.2d 147 (2004). The State previously moved for summary dismissal of this appeal on the basis that Bao failed to timely file a notice of appeal. We overruled the State's motion without prejudice. We now determine that given the record and the statutes, Bao timely filed his notice of appeal, and that we have jurisdiction to determine this appeal.

The following statutes are at issue in our jurisdictional analysis: Neb. Rev. Stat. §§ 25-1329 (Cum. Supp. 2002) and 25-1912(3) (Cum. Supp. 2004). Section 25-1912(3) provides in relevant part:

> The running of the time for filing a notice of appeal shall be terminated as to all parties (a) by a timely motion for a new trial under section 25-1144.01, (b) by a timely motion to alter or amend a judgment under section 25-1329, or (c) by a timely motion to set aside the verdict or judgment under section 25-1315.02, and the full time for appeal fixed in subsection (1) of this section commences to run from the entry of the order ruling upon the motion filed pursuant to subdivision (a), (b), or (c) of this subsection.

Section 25-1329 provides that "[a] motion to alter or amend a judgment shall be filed no later than ten days after the entry of the judgment."

The State argues that Bao's motion for reconsideration filed on July 25, 2003, was functionally a motion to alter or amend a judgment which was timely filed within 10 days of the July 16 order denying postconviction relief. See § 25-1329. The State notes that § 25-1912(3) provides in part that "[t]he running of the time for filing a notice of appeal shall be terminated . . . by a timely motion to alter or amend a judgment . . . ." The State acknowledges that the full 30 days for appeal commences to run from the entry of an order "ruling" upon the motion to alter or amend a judgment. See, § 25-1912(3); *DeBose v. State*, 267 Neb. 116, 672 N.W.2d 426 (2003).

In support of its argument that Bao's notice of appeal was untimely, the State asserts that the withdrawal of a motion to alter or amend is not a "ruling upon the motion" under § 25-1912(3). The State asserts that although the motion to alter or amend stopped the running of the time to appeal, in the absence of a "ruling" on the substance of the motion, the withdrawal of the motion causes the 30-day time period to resume but does not start a new and separate 30-day time period. The State claims that because 9 days had elapsed between the July 16 order and the date Bao filed the motion for reconsideration, Bao had 21 days left of his 30-day appeal time to file his notice of appeal after he withdrew his motion on October 16. Bao filed his notice of appeal on November 14, and the State argues that the notice was not timely filed because, although it was filed within 30 days of the withdrawal of the motion, it was not filed within the 21 days that the State argued were all that remained.

Relying on statutory language, Bao argues in response that § 25-1912(3) provides that the 30-day time period for filing the notice of appeal is "terminated" by the timely filing of a motion to alter or amend a judgment and that therefore the act of filing his motion to alter or amend ended the initial 30-day time period to file for appeal. Bao argues that the 9 days between the July 16, 2003, order and his filing the motion should not be counted against the 30-day time for filing a notice of appeal because he obtained a new 30-day time period upon the withdrawal and dismissal of his motion to alter or amend.

■ Regarding the characterization of Bao's pleadings, we agree with the State that Bao's "motion for reconsideration" should be treated as a motion to alter or amend the judgment. To qualify for treatment as a motion to alter or amend a judgment, a motion must be filed no later than 10 days after the entry of judgment, as required under § 25-1329, and must seek substantive alteration of the judgment. *Central Neb. Pub. Power v. Jeffrey Lake Dev.*, 267 Neb. 997, 679 N.W.2d 235 (2004); *State v. Bellamy*, 264 Neb. 784, 652 N.W.2d 86 (2002). Bao's "motion for reconsideration" was filed within 10 days after the July 16, 2003, order denying postconviction relief, and the motion sought substantive alteration of the judgment, because Bao asserted that the court erred in various conclusions and in failing to address certain claims and requested that the July 16 order be vacated and leave be granted to amend the motion for postconviction relief.

Regarding the timeliness of Bao's notice of appeal, we agree with Bao that his notice of appeal was timely. Our review of the law and the record shows that the time for filing Bao's notice of appeal was "terminated" when he filed the motion for reconsideration on July 25, 2003, and that a new full period of 30 days commenced to run on October 16 when the motion was withdrawn and the court ruled that the matter was dismissed. See § 25-1912(3). In reaching our determination, we note that § 25-1912(3) provides in relevant part that "[t]he running of the time for filing a notice of appeal shall be *terminated* . . . by a timely motion to alter or amend a judgment" and "the *full time* for appeal fixed in subsection (1) of this section [30 days] *commences* to run *from* the entry of the order *ruling* upon the motion filed pursuant to subdivision (a) [new trial], (b) [alter or amend

judgment], or (c) [set aside verdict or judgment]." (Emphasis supplied.) Upon being advised by postconviction counsel on October 16 that Bao's motion for reconsideration was withdrawn, the court entered an order dismissing the motion. For purposes of § 25-1912(3), the filing of the motion "terminated" rather than merely suspended or tolled the initial 30-day period, and the court's dismissal of the motion was a "ruling." Therefore, a new and separate period of 30 days to file a notice of appeal commenced to run on October 16, the date of the entry of the order dismissing the motion to alter or amend. See *DeBose v. State*, 267 Neb. 116, 672 N.W.2d 426 (2003). Bao had 30 days from October 16 to file his notice of appeal, and therefore the notice of appeal filed November 14 was timely.

In reaching our conclusion regarding the timeliness of Bao's notice of appeal, we note that § 25-1912(3) is substantially similar to federal appellate rules of procedure governing time for appeal. We have stated that it is appropriate to look to cases interpreting substantially similar federal procedural rules for guidance in interpreting Nebraska's statutes. *Bailey v. Lund-Ross Constructors Co.*, 265 Neb. 539, 657 N.W.2d 916 (2003). Our conclusion that Bao's notice of appeal was timely appears to be consistent with decisions of federal courts applying federal rules of appellate procedure that are similar to § 25-1912(3). See, *Rutledge v. U.S.*, 230 F.3d 1041 (7th Cir. 2000) (stating that under Fed. R. App. P. 4(a)(1)(B), time for filing notice of appeal began to run on day defendant withdrew motion to alter or amend); *U.S. v. Rodriguez*, 892 F.2d 233 (2d Cir. 1989) (stating that full time for filing appeal under Fed. R. App. P. 4(b) began to run after motion for reconsideration was withdrawn). We note that the U.S. Court of Appeals for the Second Circuit stated in *Rodriguez* that its conclusion which endorsed a new period of 30 days after withdrawal of the motion for reconsideration was considered sound, at least in the absence of evidence that the motion was filed and then withdrawn "in bad faith, as part of some sort of hardball litigation strategy," or as a result of neglect. 892 F.2d at 236.

We see no indication that Bao's motion to alter or amend was filed and withdrawn in bad faith, and we therefore conclude that the filing of such motion terminated the time for filing a notice

of appeal under § 25-1912(3) and that a new period of 30 days for filing a notice of appeal commenced on October 16, 2003, when the motion was withdrawn and ordered dismissed. Bao's notice of appeal filed November 14 was therefore timely, and this court has jurisdiction over the appeal.

*Denial of Postconviction Relief and Purported Failure to Find Ineffective Assistance of Trial Counsel.*

Bao asserts that the district court erred in rejecting his various claims of ineffective assistance of trial counsel and in therefore denying postconviction relief. We conclude that the court did not err in rejecting Bao's claims of ineffective assistance of counsel.

In its July 16, 2003, order dismissing Bao's motion for postconviction relief, the district court rejected Bao's four claims of ineffective assistance of counsel outlined above. For his first claim, Bao asserted that trial counsel failed to have Bao evaluated and to pursue a defense based on mental health. With respect to the first claim, the court noted that the testimony of a mental health expert presented by Bao in the postconviction hearing showed "only that Bao was more prone to violent behavior, not that he did not know what he was doing at the time of the act itself." The court concluded that such testimony would not have caused the jury to find that Bao did not have the required intent and that therefore Bao did not establish prejudice from trial counsel's purported failure to pursue such testimony.

For his second claim, Bao asserted that trial counsel improperly based the defense solely on the theory that Bao was justified in using deadly force. With respect to the second claim, the court noted that the record of the trial was "not at all clear that the only defense raised by Bao [at trial] was that the shooting was justified" and concluded that even if it were the only defense presented, Bao did not establish that trial counsel's performance was deficient for making the reasonable strategic decision to rely on a theory of self-defense.

For his third claim, Bao asserted that trial counsel failed to urge that Bao was guilty of sudden quarrel manslaughter rather than murder. With respect to the third claim, the court found that Bao failed to establish his claim of deficient performance because the trial record contradicted Bao's assertion that trial counsel failed to

suggest or argue that the jury could find Bao guilty of sudden quarrel manslaughter rather than first degree murder. The court specifically noted that Bao could not establish prejudice resulting from any purported failure with respect to the sudden quarrel manslaughter theory because under the step instruction given to the jury, the jury would not have considered manslaughter after it found Bao guilty of first degree murder.

For his fourth claim, Bao asserted that the performance of one of his attorneys was affected by alcohol use. With respect to the fourth claim, the court concluded that Bao failed to show prejudice because he failed to establish that the attorney's alcohol problem manifested itself at trial or affected the outcome of the trial in any way.

In reviewing the district court's order rejecting Bao's claims of ineffective assistance of counsel, we are guided by the following standards. In order to establish a right to postconviction relief based on a claim of ineffective counsel, the defendant has the burden to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. The defendant must also show that counsel's deficient performance prejudiced the defense in his or her case. *State v. McHenry*, 268 Neb. 219, 682 N.W.2d 212 (2004). The two prongs of this test, deficient performance and prejudice, may be addressed in either order. *Id.* In order to show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* In determining whether trial counsel's performance was deficient, there is a strong presumption that such counsel acted reasonably. *Id.* When reviewing a claim of ineffective assistance of counsel, an appellate court will not second-guess reasonable strategic decisions by counsel. *Id.*

After reviewing the law and the record, we find no error in the district court's conclusions that Bao failed to establish either deficient performance or prejudice with respect to each of his claims of ineffective assistance of counsel. We therefore conclude that the court did not err in denying Bao's motion for postconviction relief on the bases asserted above.

*Purported Failure to Consider Jury Instruction Claims.*

Bao generally asserts that the district court erred in failing to consider claims relating to jury instructions which he raised in his original pro se motion for postconviction relief and which postconviction counsel had failed to pursue. Bao argues that the court should have reinstated and granted his motion for reconsideration in which he urged the court to consider the claims despite the fact that postconviction counsel had left the claims out of the operative second amended motion for postconviction relief. In the alternative, Bao argues that in light of counsel's purported deficient performance, this cause should be remanded to the postconviction court to consider the claims relating to jury instructions. We do not find Bao's arguments persuasive.

In his original pro se postconviction motion, Bao made claims that trial counsel provided ineffective assistance by failing to secure jury instructions to the effect that Bao's intoxication could be considered in determining whether premeditation and the appropriate intent were present. After Bao filed his pro se motion, postconviction counsel was appointed and a second amended postconviction motion, which became the operative motion in this case, was filed on February 4, 2003. The second amended motion did not contain the claims relating to jury instructions, and the court therefore did not address the claims in its July 16 order denying postconviction relief. On July 25, Bao filed a pro se motion for reconsideration in which he argued, inter alia, that he was entitled to leave to amend his motion to again include the jury instruction claims. Bao asserted ineffective postconviction counsel as cause to excuse any procedural default in failing to preserve the claims. On October 16, the court dismissed the motion for reconsideration after counsel informed the court that the motion was withdrawn. On October 21, Bao filed a pro se "Request to Reinstate Motion for Reconsideration Proceedings" in which he asserted that counsel withdrew the motion without his consent. The court overruled the request on October 22.

We read Bao's arguments to be founded on an assertion that he was denied constitutionally mandated effective counsel. However, we have held that there is no constitutional guarantee of effective assistance of counsel in a postconviction action and

therefore no claim for ineffective assistance of postconviction counsel. *State v. Dandridge*, 264 Neb. 707, 651 N.W.2d 567 (2002); *State v. Becerra*, 263 Neb. 753, 642 N.W.2d 143 (2002); *State v. Hunt*, 262 Neb. 648, 634 N.W.2d 475 (2001). Therefore, Bao's arguments with respect to consideration of the jury instructions claims depending on constitutional allegations of ineffective assistance of postconviction counsel are without merit.

Bao's motion for reconsideration and his request to reinstate the motion for reconsideration after it had been withdrawn were in part requests to amend his motion for postconviction relief to include the jury instruction claims. Pursuant to Neb. Rev. Stat. § 25-852 (Reissue 1995), "The court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, permit a party upon motion to amend any pleading, process, or proceeding by . . . inserting other allegations material to the case. . . ." See, also, *State v. Nesbitt*, 264 Neb. 612, 650 N.W.2d 766 (2002); *State v. Silvers*, 260 Neb. 831, 620 N.W.2d 73 (2000). The decision to grant or deny an amendment to a pleading rests in the discretion of the court. See *id.* We note that § 25-852 was repealed effective January 1, 2003, and its counterpart is now found in the rules of pleading, Neb. Ct. R. of Pldg. in Civ. Actions 15 (rev. 2003). However, Nebraska's new rules of pleading apply to "civil actions filed on or after January 1, 2003." Neb. Ct. R. of Pldg. in Civ. Actions 1 (rev. 2003). See *Kubik v. Kubik*, 268 Neb. 337, 683 N.W.2d 330 (2004). Because the petition in this case was filed prior to January 1, 2003, we continue to refer to § 25-852.

The operative second amended motion for postconviction relief, which did not contain the jury instruction claims, was a verified motion signed by Bao. This fact compromises Bao's argument that postconviction counsel's purported failure to include the jury instruction claims was without Bao's permission or awareness. We further note that the jury in Bao's trial was given an intoxication instruction which stated, inter alia, "You may consider evidence of alcohol use along with all the other evidence in deciding whether Linh Bao had the required intent." Considering these facts, we conclude that the district court did not abuse its discretion in denying Bao's requests to analyze the jury instruction claims after the court had ruled on the second amended motion. We therefore reject

Bao's assignments of error relating to the purported failure to consider such claims.

*Purported Failure to Appoint Substitute Postconviction Counsel, Interpreter, and "Inmate Legal Aide."*

Bao finally contends that the district court erred in refusing his requests for substitute postconviction counsel, for an interpreter, and for an "inmate legal aide" to accompany him at the hearing on his motion for reconsideration.

After the district court denied Bao's motion for postconviction relief, Bao filed a motion on July 25, 2003, for appointment of substitute counsel. At an October 16 hearing, the court denied Bao's motion for substitute counsel. The court noted that Bao was filing pro se pleadings and attempting to act as his own attorney. The court then gave Bao the option of continuing pro se or being represented by his then-existing court-appointed attorney. Bao chose to continue being represented by the court-appointed attorney. The attorney then withdrew the motion for reconsideration. On October 21, Bao filed a pro se request to reinstate the motion for reconsideration, and the request was denied on October 22. On October 29, the court granted the court-appointed attorney's motion to withdraw as counsel, and Bao elected to proceed with the present appeal pro se.

Under the Nebraska Postconviction Act, Neb. Rev. Stat. §§ 29-3001 through 29-3004 (Reissue 1995), it is within the discretion of the trial court as to whether counsel shall be appointed to represent the defendant. *State v. Al-Zubaidy*, 263 Neb. 595, 641 N.W.2d 362 (2002). We have stated that when the assigned errors in a postconviction petition before the district court contain no justiciable issue of law or fact, it is not an abuse of discretion to fail to appoint counsel for an indigent defendant. *State v. Gonzalez-Faguaga*, 266 Neb. 72, 662 N.W.2d 581 (2003). In the present case, Bao requested substitute counsel after the court had overruled his postconviction petition and he therefore was seeking counsel to represent him with respect to his motion for reconsideration.

We regard Bao's situation at the time he requested substitute counsel to be similar to a situation where a postconviction petition contains no justiciable issue of law or fact. Because we have

concluded above that the court did not err in its rejection of Bao's postconviction claims, we determine that there was no justiciable issue of law or fact with respect to Bao's motion for reconsideration and that, therefore, appointment of counsel was not indicated. Furthermore, we note that at the October 16 hearing, Bao agreed to continue being represented by his existing court-appointed counsel. We therefore conclude that the court did not abuse its discretion when it did not appoint substitute counsel.

▆▆ Bao also argues on appeal that the court erred in failing to appoint an interpreter and an "inmate legal aide" to assist him in the hearing on his motion for reconsideration. The record reflects that Bao made no request to the court for either an interpreter or an "inmate legal aide," and therefore the court made no rulings denying such requests. Absent plain error, an issue not raised to the trial court will not be considered by this court on appeal. *State v. Thomas*, 268 Neb. 570, 685 N.W.2d 69 (2004). We see no plain error.

With respect to an interpreter, the record reflects that at the October 16, 2003, hearing, and in earlier proceedings, Bao spoke with the court in English and appeared to understand the proceedings. See *State v. Topete*, 221 Neb. 771, 380 N.W.2d 635 (1986) (where record satisfactorily demonstrates that defendant had sufficient command of English language to understand questions posed and answers given, there has been no abuse of discretion in refusing to appoint interpreter). With respect to the "inmate legal aide," Bao cites no authority to the effect that he was entitled to the presence of an "inmate legal aide" at the hearing on the motion for reconsideration, and we see no basis to declare the existence of plain error. We conclude that the district court did not err in relation to the appointment of counsel issues.

## CONCLUSION

We conclude that Bao timely filed a notice of appeal and that therefore this court has jurisdiction. However, we determine that Bao's assignments of error on appeal are without merit. We therefore affirm the district court's denial of Bao's motion for postconviction relief.

AFFIRMED.