783 N.W.2d 625 (2010)
18 Neb. App. 422
STATE of Nebraska, appellee,
v.
Brent LUFF, appellant.
No. A-09-1061.
Court of Appeals of Nebraska.
May 4, 2010.
*629 David A. Domina and Mark D. Raffety, of Domina Law Group, P.C., L.L.O., Omaha, for appellant.
Jon Bruning, Attorney General, and Stacy M. Foust for appellee.
INBODY, Chief Judge, and MOORE and CASSEL, Judges.
MOORE, Judge.

INTRODUCTION
Brent Luff was convicted of and sentenced for attempted first degree sexual assault on a child. Luff filed a direct appeal, which we dismissed for failure to file a brief. Luff later filed a motion for new trial based on newly discovered evidence, and the trial court denied the motion. Luff filed a motion for postconviction relief alleging that his attorney was ineffective for failing to file a brief on appeal and requested reinstatement of his direct appeal, which the trial court granted. The matter is presently before this court on Luff's new direct appeal, and we affirm.

BACKGROUND
Luff was a friend of the family of the victim, D.H. Luff was charged with first degree sexual assault on a child for an incident which occurred in the late evening of June 12, 2004, and early morning hours of June 13. On that evening, Luff was at the family's home where he had been working on a vehicle. He stayed for dinner, after which D.H.'s mother and Luff consumed several alcoholic drinks. D.H.'s mother offered Luff the spare bed so that he did not have to drive home. After her mother and brother had gone to bed, D.H. took a shower and proceeded to go to her bedroom to go to sleep when Luff asked her to talk with him, which she did. Luff then asked her to lie down with him, and he "ushered" her to the spare bed where he took off her clothes. D.H. felt Luff's hands in her vaginal area and both Luff's finger and penis slightly enter her vagina before she got off the bed.
On December 15, 2005, Luff was convicted of attempted first degree sexual assault on a child. On January 24, 2006, the district court sentenced Luff to 6 months in jail and 48 months' probation and ordered him to comply with Nebraska's Sex Offender Registration Act. On February 23, Luff filed a direct appeal, which, by mandate issued on July 26, 2006, we dismissed for failure to file a brief.
On December 22, 2006, Luff filed a motion for new trial based on newly discovered evidence. In support of the motion, Luff proffered an affidavit of a friend of D.H., which affidavit stated that D.H. told her that the incident never occurred and that D.H. falsely accused Luff because "he needed to be put away." The trial court denied the motion and reasoned that the proffered new evidence was in the nature of impeachment evidence and was therefore insufficient to sustain the motion.
On June 29, 2009, Luff filed a motion for postconviction relief alleging that his attorney was ineffective for failing to file a brief on appeal. Luff requested reinstatement of his direct appeal. Citing State v. Trotter, 259 Neb. 212, 609 N.W.2d 33 (2000), the trial court found that Luff received ineffective assistance of counsel during his direct appeal and granted his request for a new direct appeal.

ASSIGNMENTS OF ERROR
Luff asserts, restated, that (1) he received ineffective assistance of counsel when his trial attorney introduced a photograph into evidence and subjected Luff to *630 direct examination regarding the photograph, (2) the evidence was insufficient to sustain his conviction, (3) Luff should have been allowed to inquire into corroborating evidence, and (4) the district court erred when it denied his motion for a new trial.

STANDARD OF REVIEW
A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law. State v. York, 278 Neb. 306, 770 N.W.2d 614 (2009).
When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Branch, 277 Neb. 738, 764 N.W.2d 867 (2009). We do not resolve conflicts in evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented; those matters are for the finder of fact. See State v. Epp, 278 Neb. 683, 773 N.W.2d 356 (2009).

ANALYSIS

Jurisdiction and Motion for New Trial.
Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. State v. Poindexter, 277 Neb. 936, 766 N.W.2d 391 (2009). The State asserts that we are without jurisdiction to consider whether the district court erred when it denied Luff's motion for a new trial because Luff failed to timely appeal and did not allege in his motion for postconviction relief that he was denied effective assistance of counsel when his attorney failed to timely appeal the denial of his motion for new trial.
Pursuant to Neb.Rev.Stat. § 29-2101(5) (Reissue 2008), a new trial may be granted when a defendant produces newly discovered evidence which he could not with reasonable diligence have discovered and produced at trial. A motion for a new trial under this section must be filed within 3 years of the date of the verdict. Neb.Rev. Stat. § 29-2103(4) (Reissue 2008). In order to vest an appellate court with jurisdiction, a notice of appeal must be filed within 30 days of the entry of the final order or the overruling of a motion for new trial. Neb.Rev.Stat. § 25-1912(1) (Reissue 2008); DeBose v. State, 267 Neb. 116, 672 N.W.2d 426 (2003). Timeliness of an appeal is a jurisdictional necessity. State v. Sinsel, 249 Neb. 369, 543 N.W.2d 457 (1996). Failure to timely appeal from a final order prevents an appellate court's exercise of jurisdiction over the claim disposed of in the order. State v. Poindexter, supra.
The facts in this case are not disputed. Luff timely filed his motion for new trial based on newly discovered evidence. The district court denied the motion and reasoned that the new evidence, the affidavit of D.H.'s friend, was in the nature of impeachment evidence and was insufficient to sustain the motion. Luff did not appeal. Luff later filed a motion for post-conviction relief, although he did not allege that his attorney was ineffective for failing to appeal from the denial of his motion for new trial. The district court reinstated Luff's direct appeal, and Luff now assigns as error the district court's denial of his motion for a new trial.
In a criminal case, errors assigned by a defendant based on the overruling of a timely filed motion for new trial may be assigned as error in a properly perfected direct appeal from the judgment. State v. Thomas, 262 Neb. 985, 637 *631 N.W.2d 632 (2002). However, a motion for new trial based on newly discovered evidence need not be filed and ruled upon within 30 days of the sentence; therefore, the ruling on such a motion would necessarily be appealed separately from the conviction and sentence. State v. Thomas, supra. See § 29-2103. As such, because Luff failed to timely file a notice of appeal following the denial of his motion for new trial based on newly discovered evidence and the district court reinstated only Luff's direct appeal, we are without jurisdiction to consider this assignment of error.

Ineffective Assistance of Counsel.
Luff asserts that he received ineffective assistance of counsel when his trial attorney offered into evidence a photograph of his penis and subjected him to direct examination regarding the photograph.
A claim of ineffective assistance of counsel need not be dismissed merely because it is made on direct appeal. The determining factor is whether the record is sufficient to adequately review the question. State v. Davis, 276 Neb. 755, 757 N.W.2d 367 (2008). If a matter has not been raised or ruled on at the trial level and requires an evidentiary hearing, an appellate court will not address the matter on direct appeal. Id.
The Nebraska Supreme Court has adopted the two-prong test set forth by the U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for proving a claim of ineffective assistance of counsel. State v. Canbaz, 270 Neb. 559, 705 N.W.2d 221 (2005). To sustain a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient, meaning that counsel did not perform at least as well as a criminal lawyer with ordinary training and skill in the area, and (2) such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. See id. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. When a defendant challenges a conviction, the question is whether there is a reasonable probability that absent the errors, the fact finder would have had a reasonable doubt concerning guilt. Id. The two prongs of this test, deficient performance and prejudice, may be addressed in either order. State v. Deckard, 272 Neb. 410, 722 N.W.2d 55 (2006).
The entire ineffective analysis is viewed with a strong presumption that counsel's actions were reasonable and that even if found unreasonable, the error justifies setting aside the judgment only if there was prejudice. State v. Buckman, 259 Neb. 924, 613 N.W.2d 463 (2000). When reviewing a claim of ineffective assistance of counsel, an appellate court will not second-guess reasonable strategic decisions by counsel. See State v. Canbaz, supra. Except for such basic decisions as whether to plead guilty, waive a jury trial, or testify in his or her own behalf, a defendant is bound by the tactical or strategic decisions made by his or her counsel. State v. Nesbitt, 264 Neb. 612, 650 N.W.2d 766 (2002).
Luff asserts that his counsel was ineffective because there was no reasonable trial strategy which would support introduction of the photograph into evidence and his testimony with regard thereto. However, even if we were to assume that counsel's performance was deficient, Luff has not established that he was prejudiced. Luff argues that the photograph and testimony "must have" offended the *632 jury and "could only have damaged Luff's credibility." Brief for appellant at 19. As we discuss further below, D.H.'s testimony is sufficient to sustain Luff's conviction, and Luff fails to demonstrate that the result in the case would have been different absent the photograph and Luff's testimony regarding the photograph. As such, we conclude that Luff did not receive ineffective assistance of counsel as alleged.

Corroborating Evidence.
Luff next asserts that he should be given a new trial and allowed to question whether any corroborating evidence existed to support the charge of attempted sexual assault. Luff argues essentially that Neb.Rev.Stat. § 29-2028 (Reissue 2008), which provides that the "testimony of a person who is a victim of a sexual assault as defined in sections 28-319 to 28-320.01 shall not require corroboration," does not include attempt of the crimes within those sections. However, Luff points to, and our research reveals, no legal authority to support his proposition that corroboration is required in cases of attempt regarding the statutes at issue. We note that in any criminal case, any conflicts in the evidence or questions concerning the credibility of witnesses are for the finder of fact to resolve. State v. Branch, 277 Neb. 738, 764 N.W.2d 867 (2009). As such, uncorroborated testimony would be sufficient to convict a defendant in any case wherein the fact finder determined that such testimony was sufficient evidence of guilt beyond a reasonable doubt. We conclude that this assignment of error is without merit.

Sufficiency of Evidence.
Luff asserts that the evidence is insufficient to sustain his conviction.
When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Branch, supra. We do not resolve conflicts in evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented; those matters are for the finder of fact. See State v. Epp, 278 Neb. 683, 773 N.W.2d 356 (2009).
Luff was convicted of attempted first degree sexual assault pursuant to Neb.Rev.Stat. §§ 28-201 (Reissue 2008) and 28-319(1)(c) (Reissue 1995). Luff argues that D.H. testified that she did not remember everything that happened on the night of the assault and that therefore her testimony was not credible. However, we do not pass on credibility. D.H. testified that she felt Luff's hands in her vaginal area, he penetrated her with both his finger and penis, and she was 15 years old at the time of the assault. This testimony, when viewed in the light most favorable to the prosecution, is sufficient to sustain Luff's conviction.

CONCLUSION
For the foregoing reasons, we affirm Luff's conviction and sentence.
AFFIRMED.