ORVILLE GENE HOWELL ET AL V. STATE

No. 33,756.   November 15, 1961

404

*Collins, Langford & Pine,* by *John A. Langford,* El Paso, for appellant.

*Jack N. Fant,* County Attorney, *Edward C. Hughes,* Assistant County Attorney, El Paso, and *Leon Douglas* State's Attorney, Austin, for the state.

McDONALD, Judge.

This is an appeal by V. C. Apodoca from a bond forfeiture. Suit was by the state against Orville Gene Howell, as principal, and V. G. Apodoca, as surety, for forfeiture of a bail bond in the sum of $400. Judgment was entered by the trial court against both principal and surety for the sum of $400.

Appellant predicates his appeal upon one point or proposition. He contends that the trial court erred in overruling his special exception, which was that the bail bond upon which the forfeiture was based did not contain the statutory language and conditions as set out in Art. 275a, Sec. 1, V.A.C.C.P. It is appellant's contention that since this statutory condition provides "for the defendant's personal appearance before the court or magistrate designated therein, and for any and all subsequent proceedings had relative to the charge," the bail bond upon which said forfeiture is based is void and of no force and effect in that said bond is conditioned as follows:

> "The condition of the above obligation is such that whereas the above named principal is charged in the El Paso County Court at Law of El Paso, Texas, with a misdemeanor. Now if the said above named principal shall well and truly make his appearance before the El Paso County, Court at Law, El Paso County, Texas, in El Paso County, Texas, at its present term, now in session, on the Instanter and there remain from day to day and term of term of said Court, until discharged by due course of law, there to answer said accusation against him, this obligation shall become null and void; otherwise to remain in full force and effect."

The able trial judge made findings of fact and conclusions of law which reflect that the only reason the bail bond was forfeited was for the failure of the principal to make his appearance in the named court and at the named time, to answer the charge

of "driving while intoxicated," which he failed to do. Under the conditions of the bond herein involved, the principal was legally bound to make his appearance. The bond was forfeited purely and only on this premise and the conditions contained in the bail bond. The bail bond was not forfeited relative to the principal's failure to appear at any or all subsequent proceedings had in connection with the charge. We cannot find where the principal or the appellant (surety) suffered any harm by the omission of the complained-of language from the bail bond. We think the bail bond involved was a valid and binding obligation on the principal and surety, and that, if anything, the bail bond was less onerous on the obligors in its present form than it would have been had it been in the form complained of by the appellant. See: 9 Tex. Jur. 2d 432; Whitaker v. Sanders, 52 S.W. 638.

In Hines et al v. State, 168 Tex. Cr. Rep. 381, 327 S.W. 2d 755, we held the bond —the conditions of that obligation being identical to the one at bar— to be valid and binding on principal and sureties.

Finding no error, the judgment is in all things affirmed.