**Eden FLORES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48478.**

Court of Criminal Appeals of Texas.

May 29, 1974.

Gerald K. Fugit, Odessa, for appellant.

John H. Green, Dist. Atty. and Dennis Carda, Asst. Dist. Atty., Odessa, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for sale of heroin. Punishment was assessed by the jury at two hundred and fifty years.

The sufficiency of the evidence to support the conviction is not challenged.

At the outset, appellant contends that the court erred in not granting his motion for an interpreter.

In Diaz v. State, 491 S.W.2d 166, it was stated, "The only basis for a trial court

providing an interpreter to an accused is the constitutional and statutory guarantees of confrontation under the Constitutions of Texas and of the United States. Ex parte Marez, 464 S.W.2d 866 (Tex.Cr.App.1971), citing Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923."

Appellant filed a motion requesting appointment of an interpreter in which it was alleged "that his speaking ability as to English is halting and not fluent."

Prior to announcement of ready at trial on the merits, counsel for appellant asked to be relieved as court-appointed counsel for the reason that appellant did not want him to represent him and this had resulted in appellant refusing to cooperate in preparing his defense. Counsel's statement to the court in regard to appellant's disenchantment with him was quite lengthy. At the conclusion of such statement counsel asked appellant, ". . . is it correct about what I said," and counsel then stated, "Let the record indicate his answer is he [appellant] is nodding his head yes." Again, after other matters had been presented to the court before the trial began, appellant's counsel asked appellant, "You are hearing all this and that is correct?" After the foregoing question, counsel for appellant stated, "Let the record show that he is nodding his head in the affirmative." Counsel for appellant then called the court's attention to appellant's motion for an interpreter to be appointed, stating in support thereof, that "he does speak English but it is halting and he is very slow about it," and he is "much more fluent in Spanish." The court, in overruling the motion, noted, "In view of the Defendant's obvious fluency in the English language, at the former hearing on the matter of reduction of bond, I will deny your Motion." both understanding and speaking, exhibited

Unlike Garcia v. State, 151 Tex.Cr.R. 593, 210 S.W.2d 574, relied on by appellant, there is no claim or showing that appellant could not and did not understand the English language during his trial.

■ We conclude that the mere fact that an accused may be more fluent in speaking Spanish does not, in and of itself, make it incumbent upon a trial court to appoint an interpreter for an accused who speaks and understands the English language.

■ We find that the court did not err in refusing to appoint an interpreter for appellant.

Appellant contends that the court erred in allowing appellant's attorney to enter a plea of not guilty for him, "when the appellant was not cooperating with his attorney in any form, shape, or fashion and the plea of not guilty was not that of the appellant himself."

■ Patently, the entry of a plea of not guilty for an accused by his counsel does not waive any privilege of the accused and is not an admission of an incriminating fact or guilt. See Hultin v. State, 171 Tex.Cr.R. 403, 351 S.W.2d 248; Crawford v. State, 161 Tex.Cr.R. 554, 278 S.W.2d 845; see also 7 Tex.Jur.2d, Attorneys at Law, Section 54. The entry of a plea of not guilty by counsel is not an act beyond counsel's capacity as an attorney. Article 27.13, Vernon's Ann.C.C.P., cited by appellant, relates to "a plea of 'guilty' or a plea of 'nolo contendere.'" Further, it is noted that no objection was voiced by appellant to his counsel entering a plea of "not guilty" for him in the trial court and such complaint is made for the first time on appeal.

The judgment is affirmed.

Opinion approved by the Court.