STATE OF NEBRASKA, APPELLEE, V. JORGE TOPETE, APPELLANT.
380 N.W.2d 635

Filed January 31, 1986.   No. 85-367.

Roman de la Campa, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

Following a trial in the county court, defendant was convicted of operating a motor vehicle while under the influence of alcoholic liquor; of refusing to submit to a chemical blood, breath, or urine test; and of operating a motor vehicle left of the centerline of a highway. On appeal to the district court the judgment was affirmed.

Although several errors are loosely assigned, only the claim that the trial court erred in refusing to provide the defendant with an interpreter at his trial was argued in the defendant's brief. Therefore, we are limited to a consideration of that alleged error. Neb. Ct. R. 9D(1)d (rev. 1983).

According to the testimony of Doug Johnson, a trooper of the Nebraska State Patrol, he arrested the defendant on August 26, 1984. Johnson testified that he had observed the defendant driving his vehicle across the centerline of the highway. Upon stopping the defendant the officer was aware of a moderate odor of alcohol on defendant's breath, and defendant had difficulty maintaining his balance, was unable to touch the end of his nose, and his speech was slurred. Officer Johnson instructed him on the giving of a breath sample, but after three attempts the defendant failed to give an adequate sample.

Regarding the need for an interpreter, the officer testified that he was with the defendant for over an hour on the evening or early morning of his arrest; that the defendant conversed with the officer as well as with the jailer, all in English; and from the officer's observation the defendant had a complete understanding of what was going on.

The record reveals that the defendant testified at some length both at a hearing to determine the need for an interpreter and at

the trial itself. Such testimony discloses ample basis for concluding that the defendant was able to communicate in the English language.

The appointment of an interpreter for an accused at trial is a matter resting largely in the discretion of the trial court. *Perovich v. United States*, 205 U.S. 86, 27 S. Ct. 456, 51 L. Ed. 722 (1907); *Prokop v. State*, 148 Neb. 582, 28 N.W.2d 200 (1947).

Even though a defendant might not speak grammatically correct English, where the record satisfactorily demonstrates that such defendant had a sufficient command of the English language to understand questions posed and answers given, there has been no abuse of discretion in refusing to appoint an interpreter. *State v. Faafiti*, 54 Hawaii 637, 513 P.2d 697 (1973).

If a defendant understands and communicates reasonably well in the English language, the mere fact that such defendant might be able to accomplish self-expression a little better in another language does not warrant utilizing an interpreter at trial. *Flores v. State*, 509 S.W.2d 580 (Tex. Crim. 1974).

Nebraska statutory law requires the appointment of an interpreter in a court proceedings when the defendant is "unable to communicate the English language." Neb. Rev. Stat. § 25-2401 (Reissue 1979).

There was no abuse of discretion on the part of the trial judge in refusing to appoint an interpreter. The judgment of the district court in affirming such action was correct.

AFFIRMED.