IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-252-CR





JOHN DAVID VILLANUEVA,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT



NO. CR-92-25, HONORABLE FRED A. MOORE, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of robbery. Tex. Penal Code Ann. § 29.02 (West
1989). The jury assessed punishment, enhanced by two previous felony convictions, at
imprisonment for ninety-nine years and a $5000 fine.

 In his first point of error, appellant contends the district court erred by overruling
his request for the appointment of a translator or Spanish-speaking attorney. In point of error
two, appellant advances the related argument that his trial counsel, because he could not speak
Spanish, did not provide effective assistance.

 Appellant voiced his request for a Spanish-speaking attorney just before jury
selection was to begin.



THE DEFENDANT: May I have your permission to speak, Your Honor?


THE COURT: Yes, sir.


THE DEFENDANT: Okay. I am respectfully requesting this Court for
permission that I have a change of counsel. The reason I am asking for a change
of counsel is because I feel Mr. Janssen, my attorney, and I, the defendant, have
a conflict of interest.


 Mr. Janssen does not appear to have studied my case completely in order
for him to defend me properly for my trial. Mr. Janssen has only visited me three
times to discuss my case. Every time, each visit has only consisted for 20 minutes.


 I feel that Mr. Janssen has not applied the evidence on my behalf that would
prove my innocence. Mr. Janssen has not represent me to the fully of his ability
as a defendant attorney. I feel I have made it very plain and clear to him that the
evidence that will find me innocent, but Mr. Janssen does not want to proceed to
litigate the facts.


 I feel that a bilingual attorney can represent me better and can be more
helpful with me and correspond to the communication gap. I sincerely hope that
this Court grants my request.


 Thank you.


THE COURT: Okay. I noticed that you were reading from a piece of paper. Did
you write all those words down, sir?


THE DEFENDANT: No, sir. I had a help, a little help writing this.


THE COURT: Okay. And -- but you just read it all right there?


THE DEFENDANT: Yes, sir.



During a subsequent conversation with the court, appellant stated that he was born in Hays County
and has an eighth-grade education. He acknowledged being able to speak English and stated that
he could understand and communicate with his attorney except for "big words." 

 An interpreter must be provided when it is determined that a person charged with
a crime does not understand and speak the English language. Tex. Code Crim. Proc. Ann. art.
38.30 (West Supp. 1992). The mere fact that an accused who speaks and understands English
may be more fluent in another language does not, in and of itself, make it incumbent on a trial
court to appoint an interpreter. Flores v. State, 509 S.W.2d 580 (Tex. Crim. App. 1974); Vargas
v. State, 627 S.W.2d 785, 787 (Tex. App.--San Antonio 1982, no pet.). The record in this cause
makes it abundantly clear that appellant can speak and understand English. There is nothing in
the record to indicate that appellant did not understand the witnesses or the nature of the
proceeding. The trial court did not err by refusing to appoint a translator or Spanish-speaking
attorney. The first point of error is overruled.

 Appellant's argument in support of his second point of error is, in its entirety, that
"[i]f trial counsel spoke Spanish, then perhaps he could have provided better legal assistance to
the Defendant during the trial." The brief cites no instance in which counsel's inability to speak
Spanish hindered his representation of appellant. Appellant has not met his burden of
demonstrating ineffectiveness of counsel. The second point of error is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: December 23, 1992

[Do Not Publish]