IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. CHOL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JOHN D. CHOL, APPELLANT.

Filed May 26, 2015.    No. A-14-759.

Appeal from the District Court for Lancaster County: JOHN A. COLBORN, Judge. Affirmed.

Thomas R. Lamb and Richard W. Tast, Jr., Senior Certified Law Student, of Anderson, Creager & Wittstruck, P.C., for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

IRWIN, INBODY, and RIEDMANN, Judges.

RIEDMANN, Judge.

INTRODUCTION

John D. Chol was convicted in the Lancaster County District Court of strangulation; terroristic threats; first degree false imprisonment; and third degree domestic assault, subsequent offense. He now appeals from his convictions and sentences. Finding no merit to his assignments of error, we affirm.

BACKGROUND

Chol resided in Lincoln, Nebraska with his girlfriend, Rebeca Boss, and her two children. On the morning of November 3, 2013, Chol and Boss got into a verbal altercation, where Chol threatened to kill Boss and told her he had a knife and a gun. Later that day, Chol again threatened to kill Boss and began repeatedly hitting her. Chol slammed Boss' head against a baby crib in their

- 1 -

apartment and wrapped his hands around her neck, choking her to where she could not breathe and became light-headed. Boss tried to leave the apartment, but Chol blocked the doorway, preventing her from escaping. The assault left numerous injuries on Boss' face, neck, and arms.

An interpreter was necessary in this case because Boss' native language is Nuer, and she speaks limited English. Prior to trial, Chol filed a motion to disqualify the interpreter. At a hearing on the motion, Raul Escobar, the Nebraska State Court Interpreter Coordinator, testified that he hired Sunday Gach to provide interpreter services. Gach has provided interpreting services for several counties in Nebraska since 2007, and Escobar testified that when he hired her, she underwent a lengthy interview process regarding her credentials, qualifications, education, training, and experience. According to Escobar, there is no state certification examination for the Nuer language, and therefore, there are no certified Nuer interpreters in Nebraska. He said there were no other Nuer interpreters located in Lancaster County at that time.

Gach testified at the hearing that Nuer is her primary language, although she began learning English when she was in fifth grade. She has completed online training courses for interpreting and has also taken medical and legal terminology training courses. Although Chol testified that Gach is the aunt to Boss' older daughter, Gach denied the claim. Gach said that she has known Boss since 2012 from the community and has interpreted for her in previous court hearings, but she believed that she could be impartial in translating Boss' testimony. The district court denied Chol's motion to disqualify Gach as an interpreter, finding that Gach's denial of a familial relationship with Boss was credible and determining that Gach was a qualified, competent, and impartial interpreter.

A jury trial was held over the course of several days in July 2014. The jury found Chol guilty of all four offenses. He was sentenced to 8 to 12 years' incarceration for strangulation and 1 to 2 years' incarceration for each of the other three charges. All sentences were ordered to be served consecutively, and he received credit for 280 days served. Chol timely appeals to this court.

## ASSIGNMENTS OF ERROR

Chol assigns that the district court erred in (1) providing instructions to the State to allow it to overcome certain evidentiary objections, (2) failing to disqualify the interpreter, and (3) imposing an excessive sentence.

## STANDARD OF REVIEW

The responsibility for conducting a trial in an orderly and proper manner for the purpose of ensuring a fair and impartial trial rests with the trial court, and its rulings in this regard will be reviewed for an abuse of discretion. *State v. Sellers*, 279 Neb. 220, 777 N.W.2d 779 (2010).

The appointment of an interpreter for an accused at trial is a matter resting largely in the discretion of the trial court. *State v. Topete*, 221 Neb. 771, 380 N.W.2d 635 (1986).

An appellate court will not disturb sentences that are within the statutory limits, unless the district court abused its discretion in establishing the sentences. *State v. Stevens*, 290 Neb. 460, 860 N.W.2d 717 (2015).

ANALYSIS

*Evidentiary Objections.*

Chol assigns that the district court erred in advising the State on how to overcome evidentiary objections that the court sustained regarding certain exhibits. He specifically claims that the court failed to show impartiality when it assisted the State, and as a result, he was unfairly prejudiced and did not receive a fair trial. We find that Chol failed to preserve this issue for appellate review.

On several occasions during trial, Chol asserted foundational objections to the introduction of evidence and sidebar discussions between the parties and the court followed. During such discussions, the court informed the State of the types of foundation that was lacking. For example, the State offered into evidence photographs depicting Boss' injuries, and Chol objected on foundational grounds. The court advised the State to establish the time the pictures were taken. Similarly, the State offered into evidence photographs taken of Boss' injuries two days after the assault occurred, and Chol again asserted that foundation was lacking, arguing that what transpired in the period between the assault and the time the photographs were taken was unknown. The court suggested that the State ask the additional foundational question of whether Boss sustained any injuries from the time the incident with Chol occurred and the time the photographs were taken.

A judge must be impartial, his or her official conduct must be free from even the appearance of impropriety, and a judge's undue interference in a trial may tend to prevent the proper presentation of the cause of action. *State v. Hubbard*, 267 Neb. 316, 673 N.W.2d 567 (2004). A trial judge should recuse himself or herself when a litigant demonstrates that a reasonable person who knew the circumstances of the case would question the judge's impartiality under an objective standard of reasonableness, even though no actual bias or prejudice is shown. *Id.* A defendant seeking to disqualify a judge on the basis of bias or prejudice bears the heavy burden of overcoming the presumption of judicial impartiality. *State v. Collins*, 283 Neb. 854, 812 N.W.2d 285 (2012).

In the present case, however, after each sidebar discussion that Chol now challenges, he did not object to the court's comments, make a motion for a mistrial, or seek to have the judge recuse himself. The failure to make a timely objection waives the right to assert prejudicial error on appeal. *State v. Schreiner*, 276 Neb. 393, 754 N.W.2d 742 (2008). One cannot know of purportedly improper judicial conduct, gamble on a favorable result as to that conduct, and then complain that he or she guessed wrong and does not like the outcome. *Id*. Accordingly, because Chol failed to object at the time, this issue has been waived.

*Disqualification of Interpreter.*

Chol asserts that the district court erred in failing to disqualify Gach as the interpreter for trial because she was not certified and had a prior relationship with Boss. We disagree.

Any person who serves as an interpreter for persons unable to communicate the English language in court proceedings shall meet the standards adopted by the Supreme Court. Neb. Rev. Stat. § 25-2407 (Reissue 2008). Such standards shall require that interpreters demonstrate the ability to interpret effectively, accurately, and impartially, both receptively and expressively, using

any necessary special vocabulary. *Id*. Section 25-2407 only requires an interpreter to be licensed when a person is appointed to interpret for deaf and hard of hearing persons.

Chol's argument focuses on Gach's ability to translate Boss' testimony impartially, given his assertion that Gach was, in fact, related to Boss and the women were generally familiar with each other from the community. Contrary to Chol's argument, Gach testified that she has no familial relationship with Boss, testimony that the district court found credible, and a decision which we do not reevaluate. See *State v. Schuller*, 287 Neb. 500, 843 N.W.2d 626 (2014) (appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, evaluate explanations, or reweigh the evidence presented, which are within a fact finder's province for disposition). Gach further indicated that although she knew Boss and had previously provided interpreter services for her, she would be able to interpret Boss' testimony at trial impartially. Chol does not explain how Gach's familiarity with Boss would hinder her ability to interpret impartially, and we cannot find that the fact that Gach and Boss were generally familiar with each other rendered Gach unable to assist Boss impartially. Accordingly, we find no abuse of discretion in the court's determination that Gach demonstrated the ability to interpret impartially.

The evidence presented at the hearing also establishes that Gach was qualified to interpret effectively and accurately, as required by § 25-2407. Gach has spoken both the Nuer and English languages since she was approximately 10 years old. She has completed training courses in legal and medical terminology and has provided regular interpreter services for Nebraska courts since 2007. Gach has worked in the county, district, and juvenile courts in the counties of Lancaster, Douglas, Sarpy, Hall, Saline, and Hamilton. She also acts as an interpreter for an agency that works with various businesses in the Lincoln area. Gach is not certified, but there is no ability to be certified as an interpreter for the Nuer language in Nebraska. Therefore, the district court did not abuse its discretion in finding Gach qualified and allowing her to provide interpreter services at trial.

*Excessive Sentence.*

Chol was convicted of strangulation; terroristic threats; first degree false imprisonment; and third degree domestic assault, subsequent offense. Strangulation is a Class III felony, punishable by 1 to 20 years' imprisonment. Neb. Rev. Stat. § 28-310.01(3) (Reissue 2008); Neb. Rev. Stat. § 28-105 (Cum. Supp. 2014). Chol received a sentence of 8 to 12 years for this offense. First degree false imprisonment is a Class IIIA felony which carries with it a maximum sentence of 5 years' imprisonment. Neb. Rev. Stat. § 28-314 (Reissue 2008); § 28-105. Chol was sentenced to 1 to 2 years' imprisonment. Terrorist threats and third degree domestic assault, subsequent offense are Class IV felonies, punishable by a maximum of 5 years' imprisonment. Neb. Rev. Stat. § 28-311.01 (Reissue 2008); Neb. Rev. Stat. § 28-323(4) (Cum. Supp. 2014); § 28-105. Chol received sentences of 1 to 2 years for each offense. All of his sentences were ordered to be served consecutively. Although all of Chol's sentences are within the statutory limits, he claims they are excessive.

When imposing a sentence, the sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the

nature of the offense and (8) the violence involved in the commission of the offense. *State v. Stevens*, 290 Neb. 460, 860 N.W.2d 717 (2015).

At the time of sentencing, Chol was 33 years old. His criminal history includes multiple prior violent offenses. The present incident was not the first time he assaulted Boss; in fact, his record includes charges of third degree domestic assault on a pregnant woman, which was reduced to third degree assault; second degree domestic assault, which was reduced to third degree domestic assault, and a prior conviction of third degree domestic assault. His record also includes driving under the influence, witness tampering, criminal mischief, carrying a concealed weapon, and, while incarcerated on the present offenses, he was charged with assault by a confined person.

The facts and circumstances surrounding the assault were terrifying for Boss, occurred in front of her 3-year-old child, and resulted in serious injuries to Boss. In determining an appropriate sentence, the district court observed that this was a very brutal attack and said that it could not ignore the very serious facts and circumstances of the case. The court thus found that imprisonment was necessary for the protection of the public because of the substantial risk that, during a period of probation, Chol would engage in additional criminal conduct. The court also found that a lesser sentence would depreciate the seriousness of the crimes and promote disrespect for the law. Considering that the sentences fall within the statutory limits, we cannot find that they are excessive or constitute an abuse of discretion.

## CONCLUSION

We find no merit to Chol's assignments of error and therefore affirm his convictions and sentences.

AFFIRMED.

- 5 -