

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00045-CR

CEBERO OCHOA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court No. DCR-5643-17, Honorable Felix Klein, Presiding

April 25, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Cebero Ochoa, appellant, was convicted by a jury of tampering with physical evidence.[1] The trial court assessed his punishment, enhanced by a prior felony conviction, at twelve years' confinement. He timely appealed, contending that (1) the trial court's failure to provide him an interpreter during his trial violated his constitutional rights, and (2) the evidence was insufficient to support his conviction. We affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 37.09(a) (West 2016).

## Background

Appellant is confined in the Texas Civil Commitment Center ("TCCC"), a residential facility for supervision and treatment of individuals found to be sexually violent predators. On the afternoon of May 30, 2017, two residents at the facility began to fight in a dormitory. After the initial exchange of punches, one of the men got a padlock, placed it in a bag, and attempted to use the weapon to continue the assault. A security officer called a "code green," indicating a security or safety threat, around 2:46 p.m. Several staff members responded to the dormitory and restored order.

While talking to the residents involved in the incident, the facility's security director learned a weapon had been used. He began to review the closed-circuit television camera footage to determine what had happened. Meanwhile, around 3:20 or 3:30 p.m., TCCC staff called the Littlefield Police Department to investigate the assault.

As he watched the video footage, the security director saw that, as staff members entered the area in response to the code, the man who had wielded the weapon handed it to a resident who was sitting in a white rocking chair. Appellant then positioned himself between the weapon and the staff in the room. While staff members were addressing other residents, appellant moved toward the rocking chair. He quickly retrieved the weapon and walked toward the dormitory's shower area. Around one minute later, he returned without the weapon. Based on the security director's review of the video, TCCC staff members searched the shower area for the weapon, which they found under a plastic tote in the showers.

Appellant was subsequently charged with tampering with physical evidence. Before trial, appellant filed a motion for the appointment of an interpreter, asserting that he "cannot speak or understand English." At the hearing on the motion, the court secured the services of a telephonic interpreter. Appellant testified, with the assistance of the interpreter, that English was not his first language and that he had difficulty understanding and speaking it. Appellant indicated that he spoke only Spanish until he came to the United States as a teenager.[2] He testified that in previous court appearances, he had a Spanish-speaking interpreter appointed to help him understand the proceedings. When asked if he felt "an interpreter would be essential in helping [him] come to [his] own defense," appellant replied, "It's better."

On cross-examination, appellant acknowledged that he had conversations with people in English while he was in the Lamb County Jail and the TCCC. He testified that he only had an interpreter for therapy sessions at the TCCC. He also stated that, when he was magistrated, he told the justice of the peace that he spoke some English, but that his native language is Spanish. The record reflected that the prosecutor asked appellant to indicate where his name was written on certain documents, and that appellant complied before the interpreter had interpreted the question.

The trial court also heard testimony from the Lamb County Jail administrator, who testified that she had been able to communicate with appellant in English, and from a deputy, who testified that he and appellant had a conversation in English while the deputy was transporting appellant from the jail to the courthouse.

---

[2] Appellant was twenty-four years old at the time of the hearing.

3

Several days later, before the trial court had ruled on appellant's motion, the State filed a motion to reopen the evidence. The State offered a video recording of appellant engaging in conversation with the deputy prior to the previous hearing. Over appellant's objection, the trial court reviewed the additional evidence. Shortly thereafter, the court denied appellant's request for an interpreter, finding that appellant's English skills were sufficient.

The case proceeded to trial. The jury returned a verdict of guilty, and the trial court assessed punishment at twelve years' confinement in the Texas Department of Criminal Justice.

Analysis

Denial of an Interpreter

By his first issue, appellant contends that the trial court violated his constitutional rights by denying his motion for an interpreter.

"It is well settled that if a defendant cannot hear or does not speak English well enough to understand the trial proceedings or communicate with counsel, fundamental fairness and due process of law require that an interpreter be provided to translate between English and the accused's own language." *Linton v. State*, 275 S.W.3d 493, 500 (Tex. Crim. App. 2009). An accused's right to an interpreter is part of his constitutional right to confrontation and a matter of due process. *Orellana v. State*, 381 S.W.3d 645, 657 (Tex. App.—San Antonio 2012, pet. ref'd) (citing *Kan v. State*, 4 S.W.3d 38, 41 (Tex. App.—San Antonio 1999, pet. ref'd); U.S. CONST. amends. VI, XIV; and TEX. CONST. art. I, § 10). Texas law also provides a statutory right to an interpreter:

4

> When a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that a person charged or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for the person charged or the witness.

TEX. CODE CRIM. PROC. ANN. art. 38.30(a) (West 2018).

The trial court has the discretion to determine whether a defendant requires an interpreter. *Abdygapparova v. State*, 243 S.W.3d 191, 201 (Tex. App.—San Antonio 2007, pet. ref'd). Under Article 38.30, the defendant must both (1) show an inability to understand English, and (2) make a timely request for an interpreter. *Id.* Appellant made a timely request for an interpreter; therefore, we need only determine whether the trial court abused its discretion in concluding that appellant did not show an inability to understand English.

Here, there was no showing that appellant could not understand the English language. As set forth above, the trial court heard evidence that appellant could speak and understand English. This evidence included the in-car video showing appellant conversing in English with the deputy who transported him from the jail to the hearing. Although appellant presented evidence that he was more fluent in Spanish than in English, "the mere fact that an accused may be more fluent in speaking Spanish does not, in and of itself, make it incumbent upon a trial court to appoint an interpreter for an accused who speaks and understands the English language." *Flores v. State*, 509 S.W.2d 580, 581 (Tex. Crim. App. 1974); *see also Martins v. State*, 52 S.W.3d 459, 470 (Tex. App.—Corpus Christi 2001, no pet.).

5

We conclude that the trial court did not abuse its discretion in refusing to appoint an interpreter for appellant. Appellant's first issue is overruled.

## Sufficiency of the Evidence

By his second issue, appellant asserts that the jury and trial court lacked sufficient evidence to convict him and assess his punishment, because the State's proof related to an unindicted portion of the statute.

When we assess the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *see Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We are mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson*." *Id.* Under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *See id.* at 906-07 n.26 (discussing Judge Cochran's dissenting opinion in *Watson v. State*, 204 S.W.3d 404, 448-50 (Tex. Crim. App. 2006), as outlining the proper application of a single evidentiary standard of review).

Appellant's indictment alleged that he, "knowing that an investigation was pending and in progress, to-wit: an investigation into an assault that occurred between the [sic]

6

Edward Cox and Richard Romar, intentionally or knowingly conceal[ed] an item of evidence, to-wit: a hard object and weapon, with intent to impair its availability as evidence in the investigation . . . ." The indictment varied slightly from section 37.09(a) of the Texas Penal Code, which makes it an offense to tamper with evidence "knowing that an investigation or official proceeding is pending *or* in progress." TEX. PENAL CODE ANN. § 37.09(a) (emphasis added).[3]

Thus, while the statute applies when an investigation is "pending or in progress," the indictment alleged that appellant knew that an investigation was "pending and in progress." "It is well established that the State may plead in the conjunctive and charge in the disjunctive" whenever the statutory language is disjunctive. *Cada v. State*, 334 S.W.3d 766, 771 (Tex. Crim. App. 2011). In our sufficiency review, we measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

Appellant claims the evidence was insufficient to show that an investigation was pending and in progress at the time of the alleged offense. In support of this argument,

---

[3] The judgment recites that the statute for the offense is section 37.09(d)(1) of the Texas Penal Code, and appellant argues that this is the statute under which he should have been indicted. However, the indictment and charge both follow the language of section 37.09(a). We will reform the judgment to reflect that section 37.09(a) is the statute for the offense.

appellant contends that, since law enforcement was dispatched at 3:28 p.m., the investigation began no earlier than 3:28 p.m. And, he continues, since appellant's concealment of the weapon occurred before law enforcement was called, the investigation was not yet in progress, negating a necessary element of the offense. According to appellant, TCCC's internal investigation into the matter does not constitute an investigation for purposes of the statute, because "nothing under the law in the State of Texas gives untrained private individuals, or the staff at the TCCC, or any private company any apparent or actual authority to investigate crimes committed against the State of Texas." He further notes, "No evidence was put on at trial that the staff at the [TCCC] has any authority to investigate criminal acts."

The State counters that an investigation need not be undertaken by a law enforcement agency in order to come within the purview of section 37.09(a). We agree. Appellant points to no authority supporting his position that the term "investigation" is limited to only an investigation by law enforcement officers into criminal acts. The Penal Code does not define the term "investigation," and the jury was free to assign the word its common, ordinary meaning. *See Alexander v. State*, 906 S.W.2d 107, 111 (Tex. App.—Dallas 1995, no pet.) ("In the absence of a statutory definition, words are to be taken and understood in their common and ordinary meanings" and "[j]urors are presumed to know and apply such common and ordinary meanings") (citing *Williams v. State*, 674 S.W.2d 315, 322 (Tex. Crim. App. 1984), and *Cuevas v. State*, 742 S.W.2d 331, 346 (Tex. Crim. App. 1987)). "Investigation" has a broad meaning, which includes "the act of inquiring into virtually any matter." *Trevino v. State*, 512 S.W.3d 587, 594 (Tex. App.—El Paso 2017, no pet.) (relying on *Investigation,* WEBSTER'S NEW UNIVERSAL

UNABRIDGED DICTIONARY 966 (2d ed. 1983), defining "investigation" as a "careful search," a "detailed examination," and a "systematic inquiry").

The TCCC security director testified that TCCC is a secure facility with 276 residents. TCCC has designated certain items as contraband, including anything that could be used as a weapon. He testified that when violations of the rules occur, TCCC carries out its own investigation, conducting an "internal behavioral management process" so that residents who violate rules are held accountable. In addition to conducting their own investigation, TCCC staff asks law enforcement to investigate when they suspect a felony may have been committed or when a resident involved in a fight or an assault requests that they notify the police.

The security director was in the room, responding to the code, at the time when appellant retrieved the bag with the lock in it and took it to the shower area. At that time, he testified, an investigation was pending and in progress. He considered the weapon used in this case as an item of evidence in his investigation.

Because there was evidence that TCCC staff was conducting an internal investigation at the time appellant concealed the weapon, we conclude there was sufficient evidence to support the jury's determination that an investigation was in progress.

While the State was only required to prove that an investigation was pending or in progress, the evidence presented was sufficient to establish that an investigation was also pending. The terms "pending" and "in progress," as used in the statute, are not synonymous. *Lumpkin v. State*, 129 S.W.3d 659, 663 (Tex. App.—Houston [1st Dist.]

2004, pet. ref'd). "Pending" here means "impending, or about to take place." *Id.* (explaining that although "pending" and "in progress" appear synonymous based on one definition of "pending," courts generally presume that "every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible"). As set forth above, the assault was investigated by both TCCC staff and the Littlefield Police Department. At the time of the tampering, an internal TCCC investigation was underway and an investigation by local law enforcement was impending. We conclude, under the specific and unique facts of this case, that there was sufficient evidence to warrant the jury's determination that an investigation was pending or in progress.

We overrule appellant's second issue.

## Reformation of Judgment

The judgment incorrectly states that appellant was convicted of an offense under section 37.09(d)(1) of the Penal Code. The record, however, shows appellant was convicted under section 37.09(a). This Court has the authority to modify or reform a judgment to make the record speak the truth when the matter has been called to its attention. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (en banc). Accordingly, we reform the judgment in this cause to reflect that the statute for the offense is section 37.09(a).

Additionally, the first page of the judgment recites that punishment was assessed by a jury. We reform the judgment to correctly reflect that the trial judge, not the jury, assessed punishment in this case.

10

## Conclusion

As modified, we affirm the trial court's judgment.

                                        Judy C. Parker
                                           Justice

Do not publish.