**Affirm and Opinion Filed August 10, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00111-CR**
**No. 05-22-00112-CR**
**No. 05-22-00117-CR**
**No. 05-22-00118-CR**

**CARLOS RODRIGUEZ ZUNIGA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause Nos. F21-40350-X, F19-57743-X,**
**F21-75380-X, and F20-71001-X**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Breedlove
Opinion by Justice Molberg

Carlos Rodriguez Zuniga appeals judgments convicting him of four felony

offenses involving the same female complainant, who was once his girlfriend: two

for aggravated assault with a deadly weapon, each a second-degree felony, *see* TEX.

PENAL CODE § 22.02(b), and two for assault family violence with a previous felony

conviction, each a third-degree felony. *See id.* § 22.01(b)(2)(A). After Zuniga

pleaded guilty to all four offenses in an open plea proceeding, the trial court entered

judgments convicting him of each offense and sentencing Zuniga to fifteen years' confinement in the Texas Department of Criminal Justice's Institutional Division (TDCJID) in the second-degree felony cases (cause numbers F19-57743-X and F21-75380-X) and ten years' TDCJID confinement in the third-degree felony cases (cause numbers F20-71001-X and F21-40350-X). On appeal, Zuniga argues we should reverse the judgments and remand for further proceedings because he claims he did not waive and was not provided an interpreter during the proceedings, which he argues deprived him of due process and rendered his guilty pleas involuntary, and because he claims the evidence is insufficient to support his guilty pleas in cause numbers F20-71001-X and F21-40350-X. We disagree and affirm the judgments in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## ISSUES AND ANALYSIS

### A. Due Process

In his first two issues, Zuniga argues (1) he did not waive his right to an interpreter and (2) the trial court's failure to provide an interpreter at the time of his plea violated his right to due process[1] and rendered his guilty pleas involuntary.

---

[1] While Zuniga does not raise any argument regarding other constitutional rights besides due process, we note that issues regarding an appellant's right to an interpreter in a criminal case often implicate the right to confrontation as well. *See* U.S. CONST. amend VI; *Garcia v. State*, 149 S.W.3d 135, 136 (Tex. Crim. App. 2004) ("We must decide whether Garcia's conviction violates the Confrontation Clause of the Sixth Amendment to the United States Constitution. We conclude that it does."); *Cheng v. Zhaoya Wang*, 315 S.W.3d 668, 671–72 (Tex. App.—Dallas 2010, no pet.) ("In a criminal proceeding the accused's right to an interpreter is part of the constitutional right to confrontation."). Because Zuniga raises no confrontation issue, we need not address any such issue in this appeal.

A trial court shall not accept a plea of guilty or nolo contendere unless the plea is free and voluntary. TEX. CODE CRIM. PROC. art. 26.13(b); *Smith v. State*, 857 S.W.2d 71, 73 (Tex. App.—Dallas 1993, pet. ref'd). When the record shows the court properly admonished a defendant, it presents a prima facie showing that the defendant entered a knowing and voluntary plea, and the burden then shifts to the defendant to show that he did not understand the consequences of his plea. *Smith*, 857 S.W.2d at 73.

Fundamental fairness and due process of law require that an interpreter be provided to translate between English and the accused's own language if a defendant cannot hear or does not speak English well enough to understand the trial proceedings or communicate with counsel. *Linton v. State*, 275 S.W.3d 493, 500 (Tex. Crim. App. 2009). In *Linton*, the court stated, "The question on appeal is not whether the 'best' means of interpretive services were employed, but whether the services that were actually employed were constitutionally adequate such that the defendant could understand and participate in the proceedings." *Id*.

The trial judge has "wide discretion" in making this determination, as the judge has the defendant in the judge's presence, can observe the defendant's level of comprehension, and can ask the defendant questions. *Id*.; *see Perovich v. United States*, 205 U.S. 86, 91 (1907) (stating alleged error in refusing to appoint an interpreter when a defendant testifies "is a matter largely resting in the discretion of the trial court"). Decisions on the adequacy of interpretive services "depend upon a

potpourri of factors," including the testimony and "the defendant's understanding of the English language and the complexity of the pertinent law and its procedures." *Linton*, 275 S.W.3d at 500.

In the trial court, Zuniga did not file a motion requesting an interpreter[2] or object to the lack of an interpreter. However, if Zuniga has a problem understanding the English language and the trial court was aware of that problem, the trial court had an independent duty to implement Zuniga's right to have an interpreter translate the proceedings into a language he understands. *See Garcia*, 149 S.W.3d at 145. *Garcia* states:

> [W]hen a trial judge is aware that the defendant has a problem understanding the English language, the defendant's right to have an interpreter translate the trial proceedings into a language which the defendant understands is a category-two *Marin*[3] right. In these circumstances, the judge has an independent duty to implement this right in the absence of a knowing and voluntary waiver by the defendant. The judge may become aware of the defendant's language problem either by being informed of it by one or both parties or by noticing the problem *sua sponte*.

*Id*. However, "the mere fact that an accused may be more fluent in speaking Spanish does not, in and of itself, make it incumbent upon a trial court to appoint an interpreter for an accused who speaks and understands the English language." *Flores v. State*, 509 S.W.2d 580, 581 (Tex. Crim. App. 1974).

---

[2] *See* TEX. CODE CRIM. PROC. art. 38.30.

[3] *See Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) (describing our system of justice as having three distinct kinds of rules: "(1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request").

Zuniga does not argue, and did not argue in the trial court, that he cannot speak or understand the English language. The record plainly shows he can do both. The record includes three transcribed proceedings—two admonishment hearings, and the open plea hearing—and in each of these proceedings, the transcript reflects that Zuniga communicated in English and without an interpreter with both the trial court and his own lawyer, responded in English to questions posed to him in English, and posed questions of his own in English.

During the first admonishment hearing in the record, after the trial court asked two questions in English and Zuniga answered affirmatively to both—including one regarding whether he understood the punishment ranges and what he was charged with in the two third-degree felony cases—the following exchange occurred:

THE COURT: You understand, or no, you don't?

[ZUNIGA]: I understand.

THE COURT: You understand.

[ZUNIGA]: I understand a little bit, yeah.

THE COURT: A little bit?

[ZUNIGA]: Well, like –

THE COURT: If you don't, now is the time to ask for an explanation. Tell me what you don't understand.

[ZUNIGA]: Well, you got a translator for me? Like, it's better for me in Spanish, like . . .

THE COURT: [referring to and questioning defense counsel] have you been having to communicate with him with a translator?

[DEFENSE COUNSEL]: No, Your Honor.

THE COURT: Why do you need one today, Mr. Zuniga?

[ZUNIGA]: Yes, ma'am.

THE COURT: Why do you need a translator today when you haven't needed one before to communicate with your lawyer?

[ZUNIGA]: Well, I understand, like, a bit. Like I – like, I understand what you are saying.

THE COURT: Okay. Well, we will get through this hearing, and then if you feel like you need someone to translate for you in future proceedings, you can let [defense counsel] know. But it's uncommon if you speak to your lawyer, usually you can speak to everybody else – not you, but people in general – in English. So I had no idea that we needed a translator.

THE DEFENDANT: M-h'm.

Throughout the remainder of that first admonishment hearing, the trial court, Zuniga's counsel, and Zuniga all continued speaking English, and Zuniga provided answers in English or asked questions in English more than fifteen more times in that hearing after this exchange.

In the second admonishment hearing, the trial court, Zuniga's counsel, and Zuniga all continued to communicate in English, and Zuniga provided answers in English or asked questions in English at least eight times in that hearing. Although there is no indication an interpreter was requested, sworn, or used, the record does indicate that a licensed interpreter was present during that hearing.

When the open plea hearing began, once again, the trial court, Zuniga's counsel, and Zuniga all communicated in English, as did the prosecutor. Before the State rested, Zuniga answered in English at least fourteen questions from the trial

–6–

court. After the State rested, Zuniga's counsel indicated that Zuniga would testify, and the record indicates that at that point, the same licensed interpreter that was in attendance at the second admonishment hearing was sworn and gave her name and license number. However, the record lacks any indication that she conducted any interpreting during the proceeding or that Zuniga requested her to do so.

Unlike *Garcia*, where the defendant could not speak, read, or write English and "at trial the judge was aware [the defendant] needed a translator," *see* 149 S.W.3d at 136–37, 145, in this case, the record does not show the trial court was aware of any problem Zuniga has understanding the English language, or that he even has any such problem. In fact, the record shows Zuniga could understand and participate in the proceedings and did so—in English.

Based on the record before us, we cannot conclude the trial court abused its discretion in failing to require, sua sponte, an intrepreter to interpret for Zuniga during the open plea proceedings, and we reject his argument that the trial court's action in this regard violated his due process rights and rendered his guilty pleas involuntary. *See Flores*, 509 S.W.2d at 581 (mere fact an accused may be more fluent in speaking Spanish does not, in and of itself, make it incumbent upon a trial court to appoint an interpreter for an accused who speaks and understands the English language); *Diaz v. State*, Nos. 05-00-00693-CR, 05-00-00694-CR, 05-00-00695-CR, 2000 WL 1867985, at *3 (Tex. App.—Dallas Dec. 22, 2000, no pet.) (mem. op.) (not designated for publication) (stating court could not conclude from

record that appellant required an interpreter and concluding no abuse of discretion was shown).[4]  We overrule Zuniga's first two issues.

## B.     Sufficiency of Evidence

In his third issue, Zuniga argues the evidence is insufficient to support his guilty plea in cause numbers F20-71001-X and F21-40350-X.

When a defendant pleads guilty, he cannot be convicted upon his plea alone without sufficient evidence to support the plea. TEX. CODE CRIM. PROC. art. 1.15; *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.).  A judicial confession, standing alone, constitutes sufficient evidence to support a guilty plea. *See Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1979) (op. on reh'g) (describing this as "well settled") (citations omitted); *see also Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009).

Sufficient evidence to support Zuniga's guilty plea in cause numbers F21-40350-X and F20-71001-X exists in the judicial confessions offered and admitted into evidence as State's Exhibits 2 and 3, respectively.[5]  In those exhibits, Zuniga

---

[4] *See also Simcoe v. State*, 268 S.W.3d 84, 88 (Tex. App.—Austin 2007, pet. ref'd) (concluding trial judge did not commit error when he allowed the trial to proceed without appointing an interpreter because record did not show appellant was unable to understand English or to participate in the trial in a meaningful manner without the assistance of an interpreter); *Saucedo v. State*, No. 11-15-00045-CR, 2017 WL 1366647, at *2–3 (Tex. App.—Eastland Apr. 13, 2017, pet. ref'd) (mem. op., not designated for publication) (holding trial court was not required to appoint an interpreter for appellant when the record reflected appellant could understand and clearly communicate in English); *Morales v. State*, No. 06-16-00071-CR, 2017 WL 429587, at *2 (Tex. App.—Texarkana Feb. 1, 2017, pet. ref'd) (mem. op., not designated for publication) (same).

[5] Zuniga incorrectly argues the trial court did not admit State's Exhibits 2, 3, and 4 into evidence.  While the trial court stated, "State's Exhibits 1 is admitted in each case," the trial court did so after the State offered exhibits one through four, without any objection from Zuniga.  The trial court's statement reflects

judicially confessed that he "committed the offense with which [he was] charged exactly as alleged in the indictment" and agreed and stipulated to the following facts:

> on or about the 11th day of May, 2020, in Dallas County, Texas, [Zuniga] did unlawfully, then and there, intentionally, knowingly and recklessly cause bodily injury to another, namely: [the complainant], a member of [Zuniga's] household and with whom [he] had a dating relationship, by GRABBING AND BY SQUEEZING AND BY STRIKING AND BY SCRATCHING AND BY PULLING COMPLAINANT WITH A HAND AND HANDS, [and]

> on or about the 14th day of February, 2021, in Dallas County, Texas, [Zuniga] did unlawfully, then and there, intentionally, knowingly and recklessly cause bodily injury to another, namely: [the complainant], a member of [Zuniga's] household and with whom [he] had a dating relationship, by BITING COMPLAINANT[.]

> Additionally, both judicial confessions stipulated that, prior to the commission

of the offenses alleged in the above two paragraphs, Zuniga

> had been previously duly and legally convicted of the following assaultive offense . . . against a person who was a member of [his] family and household and with whom [he] had a dating relationship and such offense of offenses constitute the type of offense or offenses that render the offense alleged [in F20-71001-X and F21-40350-X] a felony of the third degree under Section 22.01(b)(2) of the Texas Penal Code:

> In Cause Number MA1652058-L in the COUNTY CRIMINAL COURT NO. 10 of Dallas County, Texas, [Zuniga] was convicted of ASSAULT FAMILY VIOLENCE on or about the 4TH day of NOVEMBER, A.D., 2016[.]

> Based on the record before us, we conclude sufficient evidence exists to

support Zuniga's guilty plea in cause numbers F20-71001-X and F21-40350-X. *See Dinnery*, 592 S.W.2d at 353. We overrule Zuniga's third issue.

---

an intention to admit the information offered in each case, and the reporter's record, which includes Exhibits 1, 2, 3, and 4, reflects that all four exhibits were admitted into evidence.

## CONCLUSION

We affirm the trial court's judgments.

/Ken Molberg/

KEN MOLBERG

JUSTICE

220111f.u05
220112f.u05
220117f.u05
220118f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CARLOS RODRIGUEZ ZUNIGA,
Appellant

No. 05-22-00111-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 6, Dallas County, Texas
Trial Court Cause No. F21-40350-X.
Opinion delivered by Justice
Molberg. Justices Reichek and
Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 10th day of August, 2023.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CARLOS RODRIGUEZ ZUNIGA, Appellant

No. 05-22-00112-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas Trial Court Cause No. F19-57743-X. Opinion delivered by Justice Molberg. Justices Reichek and Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 10th day of August, 2023.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CARLOS RODRIGUEZ ZUNIGA,
Appellant

No. 05-22-00117-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 6, Dallas County, Texas
Trial Court Cause No. F21-75380-X.
Opinion delivered by Justice
Molberg. Justices Reichek and
Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 10th day of August, 2023.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

CARLOS RODRIGUEZ ZUNIGA,
Appellant

No. 05-22-00118-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 6, Dallas County, Texas
Trial Court Cause No. F20-71001-X.
Opinion delivered by Justice
Molberg. Justices Reichek and
Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 10th day of August, 2023.